**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **MATTHEW VONBERGEN**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15 C 4922 |
| ) | |
| **MONARCH RECOVERY MANAGEMENT,** ) | |
| **INC.**, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This Fair Debt Collection Practices Act ("Act") action by Matthew Vonbergen ("Vonbergen") against Monarch Recovery Management, Inc. ("Monarch") stems from Monarch's asserted transmittal of a collection letter to Vonbergen a few days after he had filed a voluntary bankruptcy petition under Chapter 7 of the United States Bankruptcy Code. Monarch has responded by moving to dismiss the Complaint with prejudice (and thus to dismiss the action as well) because Vonbergen "filed this lawsuit without first listing his claim as an asset on his bankruptcy petition") (Monarch Mem. at 1).[1] Because that claim appears to be both anachronistic and oxymoronic,[2] Monarch's motion is denied and it is ordered to answer the Complaint.

According to the Complaint's allegations (which will of course be accepted as accurate for Fed. R. Civ. P. ("Rule") 12(b)(6) purposes, without any factual findings on the part of this

---

[1] Monarch relatedly asserts that Vonbergen lacks standing to bring this action and is judicially estopped from pursuing his claim against Monarch, and it also invokes the bona fide error defense under the Act. This opinion takes no stance on the estoppel and bona fide error contentions, but the ruling here also calls for rejection of the lack-of-standing argument.

[2] There may be perhaps be other appropriate critical characterizations as well, but it would seem that the two in the text ought to suffice.

Court), Vonbergen filed his voluntary Chapter 7 bankruptcy petition on or around April 13, 2015 (Complaint ¶ 9), while Monarch sent Vonbergen a collection letter regarding an unpaid debt that had been included in the bankruptcy petition on or about April 16 (Complaint ¶ 13). So, as Vonbergen would have it, Monarch violated a number of provisions of the Act: 15 U.S.C. §§ 1692e(2), 1692e(10), 1692f and 1692c(a)(2).

But no more than a moment's thought (if that) is needed to recognize that Vonbergen's purported claims under the Act were not assets of the bankruptcy estate when he filed (after all, by definition those claims did not then exist), so as to require their scheduling in the bankruptcy papers under 11 U.S.C. § 541(a)(1).[3] And as for the question whether the after-acquired-asset provision of Section 541(a)(7) called for a post-petition filing in the bankruptcy case when the alleged violations of the Act did give rise to statutory claims on that score, Vonbergen's counsel has regrettably failed to analyze that issue sufficiently.

Here is the assertedly relevant Section 541(a)(7), which includes some after-acquired property among the statutorily-defined assets of the bankruptcy estate:

> Any interest in property that the estate acquires after the commencement of the case.

But In re Willett, 544 F.3d 787, 791 (7th Cir. 2008), after quoting that provision, goes on to contrast that provision -- applicable to Chapter 7 proceedings such as Vonbergen's -- with the very different after-acquired-property provision defining the bankruptcy estate in Chapter 13 cases:

> The bankruptcy code gives additional treatment to the subject of property acquired by debtors after the commencement of a Chapter 13 case, providing,

---

[3] All further references to Title 11's provisions will simply take the form "Section --," omitting the prefatory "11 U.S.C. §."

"[p]roperty of the estate includes, in addition to the property specified in section 541 of this title . . . all property . . . that the debtor acquires after the commencement of the case but before the case is closed . . . ." 11 U.S.C. § 1306(a)(1). See In re Drew, 325 B.R. 765, 770 (Bankr. N.D. Ill. 2005) ("Thus, property that a Chapter 13 debtor acquires post-petition . . . becomes property of the estate pursuant to § 1306, in contrast to the post-petition acquisitions that do not become part of a Chapter 7 or Chapter 11 estate.").

Again as a definitional matter, Vonbergen's asserted claims under the Act were acquired by <u>him</u> and not by the <u>estate</u>.[4] So Monarch's Rule 12(b)(6) motion is without merit, as is its closely related contention as to Vonbergen's purported lack of standing. Accordingly the motion is denied, and Monarch is ordered to file an answer to the Complaint on or before July 23, 2015. Finally, the previously-set status hearing date of July 17 is vacated, and the next status hearing is reset to 9 a.m. August 26, 2015.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 7, 2015

---

[4] Although this Court has made no effort to explore the issue exhaustively, its brief look at the annotated statutes turned up In re Doemling, 127 B.R. 954 (W.D. Pa. 1991), which is illustrative of the same principle.