IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW VONBERGEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15 C 4922 |
| ) | |
| MONARCH RECOVERY MANAGEMENT, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Monarch Recovery Management, Inc. ("Monarch") has filed its Answer and a detailed affirmative defense ("AD") to the Complaint by Matthew Vonbergen ("Vonbergen") that charges it with a violation of the Fair Debt Practices Collection Act ("Act"). This memorandum opinion and order is issued sua sponte because Monarch's responsive pleading appears to confirm the serious doubts this Court had as to Vonbergen's claim from the very outset.

What first raised this Court's figurative eyebrows was the Complaint ¶ 13 allegation that Monarch had sent Vonbergen a collection letter regarding a debt about April 16, 2015, purportedly thus violating the Act because Vonbergen had filed a voluntary Chapter 7 bankruptcy petition just three days earlier, "on or around April 13" (Complaint ¶ 9). As Vonbergen's Complaint ¶ 12 has it:

> Had Defendant maintained reasonable procedures, Defendant would have discovered the bankruptcy filing.

Just what those claimed "reasonable procedures" should have been for that purpose was not spelled out at all in the Complaint, but the extraordinarily short time interval involved (3 days!) plainly called for further elaboration that was entirely absent from the Complaint. Now

Monarch's AD (photocopy attached) has put flesh on the bones of suspicion, and in light of that AD Vonbergen's counsel clearly has the obligation to explain the basis on which this action may be pursued in the subjective and objective good faith demanded by Fed. R. Civ. P. 11(b). Although the initial July 17 status hearing in this case had simply set a next status hearing for August 26, what has been said here calls for a far swifter response, so that a status hearing at 8:45 a.m July 30 is set instead.

                                                                                 *[signature]*

                                                     Milton I. Shadur
                                                     Senior United States District Judge

Date:  July 27, 2015

Plaintiff on Count IV of the Complaint, award costs to Defendant, and grant any other relief this Court deems just and proper.

## AFFIRMATIVE DEFENSE

NOW COMES Defendant, MONARCH RECOVERY MANAGEMENT, INC. (hereafter, "Monarch"), by and through its attorneys, KAUFMAN DOLOWICH & VOLUCK, LLP, for its Affirmative Defense to Plaintiff's Complaint, states as follows:

1. Monarch is a third-party debt collection agency.

2. Monarch collects debts on behalf of third-party clients who place accounts with Monarch.

3. Monarch does not own any debts and does not purchase debts.

4. Monarch's clients, including Citibank, N.A., do not place accounts with Monarch where a bankruptcy has been filed.

5. Monarch maintained at all times reasonable procedures to avoid violating the FDCPA which included, amongst other things:

   a. Performing a bankruptcy scrub on all new placements;

   b. Training its employees on appropriate steps to be taken if a consumer states he filed for bankruptcy; and,

   c. Immediately ceasing collection efforts after learning that a consumer filed for bankruptcy.

6. On or about December 2, 2014, Citibank, N.A. placed Plaintiff's account with Monarch.

7. Before initiating its collection activities, Monarch completed a bankruptcy scrub on Plaintiff on December 3, 2014.

8. Monarch sent its first collection letter to Plaintiff on or about December 4, 2014.

ATTACHMENT

9. Monarch sent a second collection letter to Plaintiff on or about January 30, 2015.

10. In addition to sending collection letters, prior to April 13, 2015 Monarch tried repeatedly to contact Plaintiff but was never able to telephonically reach him.

11. Unbeknownst to Monarch, Plaintiff filed a voluntary bankruptcy petition on or about April 13, 2015.

12. Neither Monarch nor the owner of the subject debt was listed on Plaintiff's bankruptcy petition and schedules, and, consequently, neither Monarch nor the owner of the subject debt received notice of the bankruptcy.

13. As soon as Monarch learned of Plaintiff's bankruptcy, it ceased collection activities and had no further contact with Plaintiff.

14. §1692k(c) of the Fair Debt Collection Practices Act ("FDCPA") affords debt collectors an affirmative defense known as the bona fide error defense. *See* 15 U.S.C. §1692k(c).

15. Monarch's alleged violation of the FDCPA was not intentional and resulted from a bona fide error.

16. Monarch qualifies for the bona fide error defense and, therefore, cannot be liable for violating the FDCPA as the result of a single and inadvertent letter alleged in the Complaint.

Dated: July 23, 2015

Respectfully submitted:

**MONARCH RECOVERY MANAGEMENT, INC.,**

By: s/ Bradley S. Levison

Stefan Dandelles
Bradley S. Levison
KAUFMAN DOLOWICH
& VOLUCK, LLP
55 E. Monroe Street, Suite 2950
Chicago, IL 60603